UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Leslie Cox,   #75206, | ) | **C/A No. 3:11-3404-TMC-JRM** |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Jon E. Ozmint, *Director SCDC*, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

_____

This case is before the Court on a *pro se* Complaint filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF

No. 2).  Plaintiff's Motion for Leave to Proceed *in forma pauperis* should be denied, and Plaintiff's

Complaint should be dismissed *without prejudice* if he fails to timely pay the full filing fee because

Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), and he

does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d)
DSC, the undersigned is authorized to review such complaints for relief and submit findings and
recommendations to the District Court.

28 U.S.C. § 1915(g). The "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full . Plaintiff, however, should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections. He filed this civil rights Complaint alleging that a mailroom worker at the Lieber Correctional Institution opened his outgoing legal mail and returned it to Plaintiff. *I.e.*, the envelope, which was addressed to the Clerk of the South Carolina Court of Appeals (ECF No. 1-1), was not mailed by the prison mailroom.

It can be judicially noticed that the plaintiff has filed three (3) prior frivolous cases in this Court, which have been deemed "strikes." The plaintiff's first "strike" was entered in *Paul Leslie Cox v. Geraldine P. Miro, Warden; M. V. Bodison, Associate Warden; and Mary Miller, Lieutenant*, Civil Action No. 3:97-1941-06BC.[2] On July 2, 1997, the undersigned recommended that the case be summarily dismissed and deemed a "strike." Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation. Instead of filing objections to the Report and Recommendation, Plaintiff filed a Notice of Voluntary Dismissal on July 14, 1997. In an order filed in Civil Action No. 3:97-1941-06BC on September 10, 1997, the Honorable Charles E. Simons, Jr.,

---

[2]Civil Action No. 3:97-1941-06BC was assigned when the Office of the Clerk of Court was using a different convention for listing case numbers.

Senior United States District Judge, denied the voluntary dismissal, dismissed the case *without prejudice*, and deemed the case to be a "strike."  No appeal was filed in Civil Action No. 3:97-1941-06BC.

The pleadings filed in *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC, resulted in the plaintiff's second "strike."  In a Report and Recommendation filed in Civil Action No. 3:97-2177-06BC on July 23, 1997, the undersigned recommended that the case be summarily dismissed and deemed to be a "strike."  Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so.  No objections were filed by Plaintiff.  On September 10, 1997, Judge Simons adopted the Report and Recommendation and deemed the case to be a "strike."  No appeal was filed in Civil Action No. 3:97-2177-06BC.

In a Report and Recommendation filed on November 13, 1997, in *Paul Leslie Cox v. Geraldine P. Miro; William D. Catoe; and L. J. Allen*, Civil Action No. 3:97-3501-06BC, the undersigned recommended summary dismissal of the case and that the case be deemed a "strike" under 28 U.S.C. § 1915(g).  Plaintiff was apprised of his right to file timely written objections to the Report and Recommendation.  Plaintiff filed objections to the Report and Recommendation.  On November 25, 1997, Judge Simons adopted the Report and Recommendation and expressly deemed the case to be a "strike."  On appeal (Fourth Circuit Docket No. 97-7829), the United States Court of Appeals for the Fourth Circuit dismissed the appeal pursuant to its Rule 45 on August 28, 1998.  As of August 28, 1998, Plaintiff was "struck out" under the PLRA and his ability to proceed *in forma pauperis* has not been restored.

3

This Court may take judicial notice of the three civil actions in which "strikes" were entered. *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) (quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis* because, as previously stated, Plaintiff does not allege that he is in imminent danger of serious physical injury from the alleged actions of former SCDC Director Jon Ozmint or the unnamed mailroom worker.[3] Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.</u>

---

[3]Interference with an inmate's mail may be actionable. *United States v. Stotts*, 925 F.2d 83, 86 (4th Cir. 1991) (prisoners enjoy a First Amendment right to send and receive mail). *But see Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

4

*Recommendation*

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be **denied**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report and Recommendation to pay the filing fee (currently $350), and *that the Office of the Clerk of Court withhold entry of judgment until such time expires*.

If Plaintiff fails to timely pay the $350 filing fee, it is further recommended that the Complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the twenty-one-day period permitted for payment of the filing fee. Plaintiff's attention is directed to the important Notice on the next page.

January 11, 2012                                Joseph R. McCrorey
Columbia, South Carolina                 United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6