IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox,     #75206, | ) | |
| | ) | C.A. No. 3:11-3404-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jon E. Ozmint, Director SCDC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff, an inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a Motion for Leave to Proceed *in forma pauperi*s under 28 U.S.C. § 1915.   (Dkt. # 2).   Pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge.   On January 11, 2012, Magistrate Judge Joseph R. McCrorey issued a Report and Recommendation ("Report") recommending that the Plaintiff's Motion to Proceed *in forma pauperis* be denied and that Plaintiff's Complaint be dismissed without prejudice if he fails to timely pay the full filing fee because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.   (Dkt. # 8).   The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Report without a recitation.

     The magistrate judge makes only a recommendation to this court.   The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

     The Plaintiff was advised of his right to file objections to the Report (Dkt. # 8 at 6). However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (Dkt. # 8) and incorporates it herein. It is therefore **ORDERED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. # 2) is **DENIED** and that the Plaintiff shall have twenty-one (21) days from the date of this Order to pay the $350 filing fee, and that the Office of the Clerk of Court shall withhold entry of judgment until such time expires.    It is further **ORDERED** that in the event the Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED** without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g) and that the Clerk enter the required final judgment at the close of the twenty-one (21) day period permitted for payment of the filing fee.

    **IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

Greenville, South Carolina
February 3, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.