UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:11-3404-TMC-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Jon E. Ozmint, *Director SCDC*;<br>Mailroom Staff at Lieber Correctional Institution;<br>Sgt. Perry, *Max Lock-up at Lieber Correctional Institution*, | ) |
| Defendants. | ) |

This case is before the undersigned magistrate judge on remand from the District Court. In a Report and Recommendation filed in this case on January 11, 2012, the undersigned recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that he be given twenty-one days to pay the filing fee of three hundred and fifty dollars ($350) because he was struck out under the "three strikes" rule of the Prison Litigation Reform Act. On February 3, 2012, the Honorable Timothy M. Cain, United States District Judge, adopted the Report and Recommendation and gave Plaintiff twenty-one days to pay the filing fee.

In the meantime, the United States Court of Appeals for the Fourth Circuit, in applying the holding in *McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (noting the dismissal of an action *without prejudice* for failure to state a claim may not count as a "strike" under the PLRA), in an unpublished case ruled that any prior dismissals for failure to state a claim without prejudice could not be counted as "strikes." *McFadden v. Mckie*, No. 11-6809, 2012 WL 375856, at *1 (4th

Cir March 7, 2012). On April 11, 2012, Judge Cain vacated his Order of February 3, 2012, and remanded the case to the undersigned United States Magistrate Judge.

In the above-captioned case, Plaintiff has brought suit against the former Director of the South Carolina Department of Corrections, the mailroom staff at the Lieber Correctional Institution, and a sergeant at the "Max" Unit of the Lieber Correctional Institution. This civil rights action arises out of the return of Plaintiff's outgoing legal mail (addressed to the Clerk's Office of the South Carolina Court of Appeals) to Plaintiff (ECF No. 1-1). Plaintiff has not filed a grievance with respect to the incident, the date of which is not disclosed in the Complaint. In his prayer for relief, Plaintiff seeks to have mailroom staff charged, convicted, and "fired" from the South Carolina Department of Corrections. Plaintiff also seeks to have Defendants take a polygraph test.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per*

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

*curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard, the Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In light of the decision of the United States Court of Appeals for the Fourth Circuit in *McFadden v. Mckie*, No. 11-6809, 2012 WL 375856, at *1 (4th Cir March 7, 2012), it appears that the strikes imposed in *Paul Leslie Cox v. Geraldine P. Miro, Warden; M. V. Bodison, Associate Warden; and Mary Miller, Lieutenant*, Civil Action No. 3:97-1941-06BC, *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC, and *Paul Leslie Cox v. Geraldine P. Miro; William D. Catoe; and L. J. Allen*, Civil Action No. 3:97-3501-06BC, can no longer be counted as strikes because the dismissals were without prejudice.

In the above-captioned case, Plaintiff has raised facially-cognizable claims of interference with outgoing legal mail. *See United States v. Stotts*, 925 F.2d 83, 86 (4th Cir. 1991) (prisoners enjoy a First Amendment right to send and receive mail); *Talbert v. Jabe*, No. 7:07-cv-00450, 2007 WL 3339314, *6 (W.D. Va. Nov. 8, 2007), limited by the reasonable penological interests of prison officials, *Turner v. Safley*, 482 U.S. 78, 79 (1987).

3

Nonetheless, the relief requested by Plaintiff cannot be granted in a civil rights action. This federal court cannot "reprimand" or "fire" the named Defendants. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960).

In this civil rights action, Plaintiff cannot obtain a criminal investigation, including polygraph examinations, or criminal charges against Defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina. In *Leeke v. Timmerman*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, 454 U.S. at 86–87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

April 23, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).